FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2012

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

TAMARA TOWNSEND                                          PLAINTIFF

VS.                         CASE NO. 4:12cv722 KGB

UNITED STATES OF AMERICA                                 DEFENDANT

## COMPLAINT

Comes the Plaintiff, Tamara Townsend, by and through her attorney, Sheila F. Campbell, and for her Complaint, states:

This case assigned to District Judge ___Baker___
and to Magistrate Judge ___Kearney___

1.   This action is based upon the Federal Tort Claim 28 U.S.C. § 1346(b); the Plaintiff resides in the above judicial district, and the act and omissions herein complained of occurred in said judicial district.  The United States of America is the proper defendant pursuant to 28 U.S.C. § 1346(b).

2.   That the Plaintiff Tamara Townsend first presented her Federal Tort claim to the appropriate federal administrative agency, Administrative Office of the United States Court pursuant to 28 U.S.C. § 2675(a) on July 24, 2012 and it was denied on August 16, 2012.

3.   That the Plaintiff, Tamara Townsend, was appointed Assistant Federal Public Defender, Christopher A. Tarver, in *United States of America vs. Tamara Townsend*, United States Eastern District Court Case No. 4:02CR00050 JLH on an indictment of bank fraud. As an attorney employed by the Federal Public Defender in the Eastern District of Arkansas, Christopher A. Tarver is an employee of the judicial branch of the United States of America.

4.   On November 22, 2002, a judgment and commitment order was entered on December 2, 2002, initially sentencing the Plaintiff to a term of twenty-four months in the

1

Bureau of Prisons to run consecutive to the undischarged term of imprisonment that she was serving in the Arkansas Department of Correction.  She was ordered to serve a term of supervised release of four years.

5.   On February 28, 2008, the Plaintiff's supervised release was revoked and she was sentenced to serve a term of imprisonment of six months in the custody of the Bureau of Prisons with two years of supervised release to follow.

6.   On March 18, 2008, the Court entered an order granting Townsend's motion to amend judgment and the amended judgment provided that the Plaintiff would serve a period of home detention with electronic monitoring for a period of six months with two years of supervised release to follow.  On March 18, 2008, the Court entered an order granting Townsend's motion to amend the judgment to a period of home detention with electronic monitoring for a period of six months with two years of supervised release to follow.

7.   On April 6, 2009, the Plaintiff was ordered to serve a term of imprisonment of nine months in the Bureau of Prisons to be followed by three years of supervised release.

8.   On April 13, 2009, the Court granted another motion to amend by Townsend.  The amendment provided that Townsend would serve nine months in a halfway house or other community confinement under the direction of the probate office with three years of supervised release to follow.

9.   On January 19, 2012, the United States District Court for the Eastern District again revoked Townsend's supervised release in *United States of America vs. Tamara Townsen*d, United States Eastern District Court Case No.  4:02 CR00050 JLH and sentenced her to twelve months imprisonment with no supervised release to follow.

10.  The Plaintiff filed a motion, pro se, on March 30, 2012, with this Court to vacate the

2

sentence that she received on January 19, 2012 alleging that her sentence was illegal pursuant to 18 U.S.C. § 3583e(2).

18    The Plaintiff requested the Federal Assistant Public Defender that has been appointed for her to research and file a motion to have her sentenced vacated pursuant to 18 U.S.C. § 3583e(2) and he failed and refused to file such motion informing the Plaintiff on April 18, 2012, that her sentence was not illegal under  18 U.S.C. § 3583e(2) because a court may extend a term of supervised release, if less than the maximum authorized term was previously imposed.

19    That Plaintiff was sentenced to nine years of supervised release, and she served almost seven years of supervised release.

20    On May 3, 2012, in the case of *United States of America vs. Tamara Townsend*, United States Eastern District Court Case No.  4:02CR00050 JLH, it was held that the Plaintiff completed her term of supervised release in before she was revoked on January 19, 2012 pursuant to 18 U.S.C. § 3583(b) and her sentenced was vacated and she was released from the Federal Bureau of Prisons.

21    That the United States of America through its employee, representative or agent, the Assistant Federal Public Defender failed to exercise the degree of skill and learning in performing legal representation for the Plaintiff that other members of the profession displayed in undertakings of similar service resulted in her serving an illegal sentence.

22    That as a direct and proximate result and in consequence of the legal malpractice and negligence of the employee, representative agent of the Defendant, the United States of America, acting within the scope of his employment, the Plaintiff was deprived of earnings and profits, paid unwarranted probationary fees, unwarranted payments for living at a halfway house

and payment for unwarranted travel and lodging; loss of consortium; loss of society with her children; loss of personal property and her home and for her pain and suffering and mental anguish.

WHEREFORE, Plaintiff, Tamara Townsend, prays that she be awarded compensatory damages for loss of earnings and profits, unwarranted payments for probationary fees, unwarranted payments for living at a halfway house and payment for unwarranted travel and lodging; loss of consortium; loss of society with her children; loss of personal property and her home and for her pain and suffering and mental anguish as results of the negligence of the Defendant, the United States of America, and prays for Judgment for $100,000.00; and for her costs of this suit, together with a reasonable attorney's fees; and for all other relief to which she may be entitled.

Respectfully submitted,

Sheila F. Campbell
Attorney at Law
P.O. Box 939
Little Rock, AR  72203
(501)  374-0700

Sheila F. Campbell
Ark. Bar # 83-239